FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

CASE NO. 8:22 cr 289 CEH-CPT

v.

MA'AT MALIK DARIUS LEE

18 U.S.C. § 2119
18 U.S.C. § 924(c)
18 U.S.C. § 1028A
18 U.S.C. §§ 1343 and 1349
18 U.S.C. § 922(j)

## INDICTMENT

The Grand Jury charges:

## COUNT ONE
### (Carjacking)

On or about October 27, 2021, in the Middle District of Florida,

## MA'AT MALIK DARIUS LEE,

the defendant, aided and abetted by another person, unknown to the Grand Jury, did

knowingly take a motor vehicle, namely a 2007 Jeep Grand Cherokee, that had been

transported, shipped, and received in foreign commerce, from and in the presence of

A.D. by force, violence, and intimidation, with the intent to cause death and serious

bodily harm.

In violation of 18 U.S.C. §§ 2119(1) and 2.

## COUNT TWO
### (Use of a Firearm in Furtherance of a Crime of Violence)

On or about October 27, 2021, in the Middle District of Florida,

## MA'AT MALIK DARIUS LEE,

the defendant, aided and abetted by another person, unknown to the Grand Jury, did knowingly use, carry, and brandish a firearm during and in relation to a crime of violence for which the defendant may be prosecuted in a Court of the United States, that is, carjacking in violation of 18 U.S.C. § 2119, as charged in Count One of this Indictment, which allegations the Grand Jury does reallege and incorporate herein by reference.

In violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2.

## COUNT THREE
### (Attempted Wire Fraud)

### A.    Introduction

At times material to this Indictment:

1.    The defendant, Ma'at Malik Darius Lee, resided in the Middle District of Florida.

### B.    The Scheme and Artifice

1.    On or about July 9, 2021, in the Middle District of Florida and elsewhere, the defendant,

MA'AT MALIK DARIUS LEE,

knowingly devised and intended to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

## C.   Manner and Means of the Scheme and Artifice

2.   The manner and means by which the defendant sought to accomplish the object of the scheme and artifice included, among others, the following:

a.   It was a part of the scheme and artifice that the defendant would and did rob the victims by utilizing a firearm;

b.   It was further a part of the scheme that the defendant would obtain bank cards that belonged to the victims;

c.   It was further a part of the scheme and artifice that the defendant would and did falsely and fraudulent attempt to utilize the stolen credit card or debit card for his benefit, by attempting to make interstate wire purchases at Walgreens and Wawa; without the account holder's knowledge or consent;

## D.   Execution of the Scheme and Artifice

3.   On or about the date set forth below in each count, in the Middle District of Florida and elsewhere, the defendant,

MA'AT MALIK DARIUS LEE,

for the purpose of executing the scheme and artifice described above, attempted to transmit by means of wire communication in interstate and foreign commerce the writings, signs, signals, pictures, and sounds described below:

| DATE | DESCRIPTION OF WIRE COMMUNICATION |
|---|---|
| July 9, 2021 | Interstate credit card or debit card purchases from F.A., through banking servers located outside of the Middle District of Florida, at Walgreen's and Wawa's Gas Station, located in the Middle District of Florida |

All in violation of 18 U.S.C. § 1343.

## COUNT FOUR
### (Aggravated Identity Theft)

1.      The Grand Jury realleges and incorporates by reference Part A

(Introduction) of Count Three of this Indictment as if fully set forth herein.

2.      On or about July 9, 2021, in the Middle District of Florida and

elsewhere, the defendant,

MA'AT MALIK DARIUS LEE,

did knowingly transfer, possess, or use a means of identification of other persons,

that is, F.A., during and in relation to a felony violation enumerated in 18 U.S.C. §

1028A(c)(5), that is, attempt to commit wire fraud in violation of 18 U.S.C. § 1343,

as charged in Count Three of this Indictment, respectively, knowing that such means

of identification belonged to an actual person,

In violation of 18 U.S.C. §§ 1028A and 2.

## COUNT FIVE
### (Attempted Wire Fraud)

### A.    Introduction

1.      At times material to this Indictment, the defendant, Ma'at Malik Darius Lee, resided in the Middle District of Florida.

### B.    The Scheme and Artifice

1.      Beginning on or about October 27, 2021, and continuing through at least on or around October 28, 2021, in the Middle District of Florida and elsewhere, the defendant,

MA'AT MALIK DARIUS LEE,

knowingly devised and intended to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

### C.    Manner and Means of the Scheme and Artifice

1.      The manner and means by which the defendant sought to accomplish the object of the scheme and artifice included, among others, the following:

a.      It was a part of the scheme and artifice that the defendant would and did rob the victim by force and threats of force, including by utilizing a firearm;

b.      It was further part of the scheme that the defendant would obtain and did obtain, via force and threats of force, bank cards that belonged to the victim;

c.      It was further a part of the scheme and artifice that the defendant would and did falsely and fraudulent attempt to utilize the stolen credit card or debit

5

c.     It was further a part of the scheme and artifice that the defendant would and did falsely and fraudulent attempt to utilize the stolen credit card or debit card for his benefit, by attempting to make interstate money wire transfers without the account holder's knowledge or consent;

### D.     Execution of the Scheme and Artifice

2.     On or about the date set forth below in each count, in the Middle District of Florida and elsewhere, the defendant,

MA'AT MALIK DARIUS LEE,

for the purpose of executing the scheme and artifice described above, attempted to transmit by means of wire communication in interstate and foreign commerce the writings, signs, signals, pictures, and sounds described below:

| DATE | DESCRIPTION OF WIRE COMMUNICATION |
|---|---|
| October 28, 2021 | Interstate Western Union money wire transfer from victim M.H., to Ma'at Lee, Jupiter/Barclay Credit Card, account ending in 2387, in the name of Ma'at Lee, located in the Middle District of Florida |

All in violation of 18 U.S.C. § 1343.

### COUNT SIX
### (Aggravated Identity Theft)

1.     The Grand Jury realleges and incorporates by reference Part A (Introduction) of Count Five of this Indictment as if fully set forth herein.

6

2.      Beginning on or about October 27, 2021, continuing through at least on or about October 28, 2021, in the Middle District of Florida and elsewhere, the defendant,

MA'AT MALIK DARIUS LEE,

did knowingly transfer, possess, or use a means of identification of other persons, that is, M.H., during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c)(5), that is, attempt to commit wire fraud in violation of 18 U.S.C. § 1343, as charged in Count Five of this Indictment, which allegations the Grand Jury does reallege and incorporate herein by reference.

In violation of 18 U.S.C. §§ 1028A and 2.

## COUNT SEVEN
### (Possession of a Stolen Firearm)

Beginning on or about October 27, 2021, and continuing through at least on or about October 29, 2021, in the Middle District of Florida,

MA'AT MALIK DARIUS LEE,

did knowingly possess a Glock 27 firearm, and eight rounds of PMC ammunition, which he knew or had reasonable cause to believe had been stolen from M.H. and which had been shipped or transported in interstate or foreign commerce.

In violation of 18 U.S.C. § 922(j).

## FORFEITURE

1.      The allegations contained in Counts One through Five of this Indictment are hereby realleged and incorporated by reference for the purpose of

alleging forfeiture pursuant to the provisions of 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c).

2.      Upon conviction of a violation of 18 U.S.C. § 924(c), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in or used in the violation.

3.      The property to be forfeited includes, but is not limited to, Glock 27, 40 caliber, serial number BAEH426 firearm.

4.      If any of the property described above, as a result of any acts or omissions of the defendants:

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third party;

      c.      has been placed beyond the jurisdiction of the Court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property, which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the

provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

Foreperson

ROGER HANDBERG
United States Attorney

By:

Diego Novaes
Assistant United States Attorney

By:

Michael C. Sinacore
Assistant United States Attorney
Deputy Chief, Violent Crimes and Narcotics Section

9

FORM OBD-34
August 22

No.

## UNITED STATES DISTRICT COURT
### Middle District of Florida
### Tampa Division

## THE UNITED STATES OF AMERICA

vs.

## MA'AT MALIK DARIUS LEE

## INDICTMENT

Violations: 18 U.S.C. § 2119; 18 U.S.C. § 924(c); 18 U.S.C. § 1028A; 18 U.S.C. §§ 1343 and 1349; 18 U.S.C. § 922(j)

A true bill,

_____

Foreperson

Filed in open court this 17th day

Of August 2022.

_____

Clerk

Bail $_____